UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In the matter of:

Edward M. Johnson and Pamela J. Johnson,

     Appellants,

                           **MEMORANDUM OPINION**

v.                              **AND ORDER**

                              Civil No. 12-1596

Daniel Johnson and Jan Johnson,

     Appellees.

_____

     Chad A. Kelsch, Kelsch Law Firm, P.A, Counsel for Appellants.

     Steven V. Rose and Gregory M. Miller, Mansfield, Tanick & Cohen, Counsel for Appellees.

_____

     This matter is before the Court on appeal of the Findings of Fact,

Conclusions of Law and Judgment of the late Honorable Nancy C. Dreher,

United States Bankruptcy Judge, District of Minnesota dated May 15 and 16,

2012, revoking Appellants' discharge.  For the reasons discussed below, the

bankruptcy court's Findings of Fact and Order revoking Appellants' discharged

is affirmed.

## I.    Background

This action was commenced by Appellees Dan and Jan Johnson as an Adversary Proceeding against Appellants Edward and Pamela Johnson in bankruptcy court.  Dan and Edward Johnson are brothers, and prior to Appellants' bankruptcy filing, the brothers and their spouses were involved in a business venture called Johnson Built Homes.  Based on the failure of this business venture, Appellees became creditors of Appellants.   (Doc. No. 1-6 (Adversary Complaint ¶ 1).)  Appellees brought the Adversary Proceeding after they learned that Appellants knowingly and fraudulently failed to report the acquisition or entitlement to property or the delivery or surrender of the property to the bankruptcy trustee.  (Id. at ¶ 3, 7.)  Appellees further alleged that as the Appellants obtained a bankruptcy discharge through fraud, and because Appellees did not learn of the fraud until after the discharge had issued, revocation of the discharge was appropriate under 11 U.S.C. § 727(d)(1).  (Id. at ¶¶ 7, 8.)

The bankruptcy court conducted a two day bench trial, and issued Findings of Fact, Conclusions of Law and Order from the bench on May 15, 2012.  The bankruptcy court determined that Appellees had presented sufficient and

credible evidence that Appellants fraudulently failed to disclose their interest in lake property located in Fairfield Township and other valuable personal property. (Doc. No. 8 (May 15, 2012 Transcript at 384).) The court found that although Appellants "sold" their lake home to Miles and Patricia Johnson, Edward Johnson's parents (the "Parents"), Appellants retained an equitable interest in the lake property. The court found that the Parents served as an equitable mortgagee for the Appellants because the purchase price was below market, and because Appellants continued to use and improve the property after the sale, and continued to store valuable personal property at the lake property after the sale.

In addition, a document was submitted that was dictated by Miles Johnson to his daughter-in-law Jan Johnson, and later notarized, that described the terms of the transaction concerning the Fairfield Township lake property. (Plaintiffs Ex. 36.) Pursuant to this document, Miles Johnson stated that he obtained an equity line for the purchase of the lake property, and that "the interest on the equity line will be added to payoff when Edward and Pamela begin making payments to me on this loan. Payments on said loan shall begin upon satisfaction of a previous unsecured personal loan." (Id.) This document further provides that "Edward

and Pamela currently remain in possession of said property and pay all expenses including but not limited to taxes (property), electric, gas and property insurance." (Id.)  This document closes with the following "It is our understanding that title to the property shall return to Edward and Pamela Johnson once the loan is paid in full." (Id.)

 Based on this evidence, and crediting the testimony of Appellees over the testimony of the Parents and Appellants, the bankruptcy court found that the transaction involving Appellants, the Parents and the Fairfield Township lake property was a "disguised loan and not a true sale." (Id. at 385.)

The bankruptcy court also rejected Appellants' argument that in order to find that Appellants retained an interest in the lake property, Appellees had to present evidence of a written agreement between the Parents and Appellants - an argument based on the Statute of Frauds. (Id. at 393-94.)  The court specifically found that "an agreement may be excepted from the statute of frauds by application of the doctrines of promissory estoppel and equitable estoppel. When an application of the statute of frauds is used to protect rather than to prevent a fraud, equity requires that the doctrine of equitable estoppel be applied." (Id. at 394.)   The court found that equitable estoppel was "likely

applicable here." (Id. at 396.) The court went on to state "more importantly I

think that the contract is taken out of the Statute of Frauds by part performance."

(Id.) "[Appellees] have shown that the [Appellants] had an agreement to

repurchase the land. They have been using and possessing the land and they

have made valuable improvements to the land." (Id. at 397-98.)

The court further found that "the evidence established that the lake

property transaction and the other omissions and inaccuracies in the

[Appellants'] schedules was purposeful. They sought to keep the lake property

and their other items out of the reach of the trustee and their creditors. Their

conduct with respect to the lake property and other items of personal property, I

think, based on this whole record was knowing and fraudulent." (Id. at 400.)

The court found that Appellants could be denied a discharge based on their

fraudulent conduct pursuant to 11 U.S.C. § 727(a)(2) and/or (4). Based on these

findings, the bankruptcy court revoked Appellants' discharge pursuant to 11

U.S.C. § 727(d)(1).

## II.    Standard of Review

On appeal, this Court reviews the bankruptcy court's findings of fact for

clear error and its conclusions of law de novo. In re Popkin & Stern, 223 F.3d 764,

765 (8th Cir. 2000).

## III.    Analysis

At issue in this appeal is whether the evidence submitted at trial provided a sufficient basis upon which the bankruptcy court could revoke Appellants' bankruptcy discharge pursuant to 11 U.S.C. § 727(d)(1).  To the extent that Appellants challenge the bankruptcy court's findings of fact, such challenge is without merit.  On appeal, this Court is not free to re-weigh the evidence or make independent judgments about the credibility of the witnesses.  In re Carp, 340 F.3d 15 (1st Cir. 2003).  See also In re Fors, 259 B.R. 131, 135 (8th Cir. BAP 2001) (noting that "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses.")  With this in mind, the Court has carefully reviewed the record and the bankruptcy court's findings of fact, and based on such review, finds no clear error.  See In re Fors, 259 B.R. at 135 (a finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed.")

The record clearly supports the bankruptcy court's credibility determinations.  By giving credit to the testimony of Appellees, together with the

exhibits presented at trial, there is sufficient evidence in the record supporting the bankruptcy court's findings that the transaction between Appellants and the Parents was a loan, and that once Appellants repaid certain obligations, title to the property would return to Appellants. The record further supports the bankruptcy court's findings that Appellants owned certain valuable personal property, including the fish house, and that Appellants did not include such personal property in their bankruptcy schedules.

The Court further finds that based on the bankruptcy court's findings of fact, revocation pursuant to 11 U.S.C. § 727(d)(1) is appropriate. Section 727(d)(1) provides that upon request of a creditor, and after notice and hearing, a court shall revoke a discharge granted under subsection (a) if the discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge.

Section 727(a) provides that a court shall grant a debtor a discharge provided none of the exceptions listed therein applies. As relevant here, the bankruptcy court found that the exceptions listed in subsections (a)(2) and (a)(4) applied, and would prevent discharge. (Doc. No. 8 (Tr. at 380).)

Section 727(a)(2) provides that a discharge is not warranted where "the

debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed." Section 727(a)(4) provides that a discharge is not warranted where "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account."

Appellants argue that the bankruptcy court erred in finding there was either an agreement to buy back the lake property from the Parents, or an equitable mortgage on the lake property, as there was no written, enforceable contract memorializing such an agreement, and that such a writing is required pursuant to the doctrine of Statute of Frauds.

"The 'basic purpose' of [] the traditional statute of frauds [] is to 'provide reasonable safeguards to insure honest dealing.'" Stumm v. BAC Home Loans Serv., LP, No. 11-CV-3736 (PJS/LIB), 2012 WL 5250560, at *5 (D. Minn. Oct. 24, 2012) (quoting Rural Am. Bank of Greenwald v. Herickhoff, 485 N.W.2d 702, 707 (Minn. 1992)). The doctrine requires parties to commit certain types of agreements, such as the sale of real estate, to writing if the parties want to enforce those agreements in court. Id. Here, as noted by the bankruptcy court, Appellees

are not seeking to enforce an agreement between the Parents and Appellants with respect to the lake property. Rather, the issue is whether Appellants failed to disclose to the bankruptcy trustee that they had an interest in the lake property. Accordingly, the Statute of Frauds is not implicated.

Even if it were, Minnesota law recognizes that the doctrine of equitable estoppel may limit the application of the Statute of Frauds. Lunning v. Land O'Lakes, 303 N.W.2d 452, 457 (Minn. 1980). Specifically, "[w]hen an application of the Statute will protect, rather than prevent, a fraud, equity requires that the doctrine of equitable estoppel be applied." Id. The doctrine of part performance will also limit application of the Statute of Frauds. Gallagher v. Moffet, 233 Minn. 330, 332, 46 N.W.2d 792, 793 (1951). "The underlying principle is that, when one of the contracting parties has relied on an oral agreement to such an extent that it would be a fraud on the part of the other contracting party to void the agreement, equity will make that agreement an exception to the statute of frauds." Crossroads Church of Prior Lake MN v. County of Dakota, 800 N.W.2d 608, 615 (Minn. 2011). It is not enough that one takes possession of the land, however, one must also make valuable improvements to the land. Id.

Based on the above, it was not legal error for the bankruptcy court to

conclude that pursuant to the doctrine of part performance, the Statute of Frauds did not require production of a written agreement in order to find that Appellants had an equitable interest in the lake property.

Appellants further argue that the issue of whether Appellants maintained an equitable mortgage on the lake property was not properly before the Court, as such issue was not included in the pleadings. The Court has reviewed the Adversary Compliant, and finds the issue of equitable mortgage was sufficiently alleged therein. (See Doc. 1-6 (Adversary Complaint ¶¶ 13, 15, 19, 23(f)).)

An equitable mortgage is created where the "real nature of the transaction between the parties is that of a loan, advanced upon the security of realty granted to the party making the loan." First Nat. Bank of St. Paul v. Ramier, 311 N.W.2d 502, 503 (Minn. 1981). The form of the transaction is not dispositive; a court is free to determine the "actual character" of a transaction. Id. The evidence presented at trial supports the bankruptcy court's finding that the transaction between the Parents and Appellants was in the nature of a loan, that the parties to such loan understood its terms, and that it was secured by the lake property. Taken together, the finding of a loan secured by property but not recorded in the manner typical of a standard mortgage, fits the standard for an equitable

mortgage.  See Ramier, 311 N.W.2d at 503.

Appellants have raised a number of additional arguments in their briefs.

The Court has carefully reviewed these additional arguments, and finds them to

be without merit as well.

Accordingly,

IT IS HEREBY ORDERED that the bankruptcy court's Order and Judgment

revoking Appellants' discharge pursuant to 11 U.S.C. § 727(d)(1) dated May 16,

2012, is **AFFIRMED**.

Date:   November 29, 2012

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court